### 49226. MOUSETRAP OF ATLANTA, INC. v. DEKLE.

QUILLIAN, Judge.

Appeal was taken in this case from the overruling of the defendant's motion to vacate and set aside a judgment entered against it and denying the defendant the right to interpose a defense to the cause set forth in the plaintiff's complaint. The plaintiff brought the original action in the Civil Court of Fulton County against the instant corporate defendant and another. After the time for filing an answer had expired, the defendant corporation made a special appearance for the purpose of denying service. By motion the defendant contended that service was made on an individual who was not the defendant's registered agent for service. This motion was filed on November 9, 1973. On November 13, 1973 an order was entered by the trial court which recited that since the defendant had filed no answer to the plaintiff's complaint, judgment was entered against the defendant in the sum sought together with interest and attorney fees. The corporate defendant then filed a motion to vacate and set aside the judgment of November 13, 1973. On December 14, 1973 the defendant's answer to the complaint was filed. On the same date an affidavit was filed which revealed that service was correctly made upon the agent of the corporate defendant who was duly authorized to accept service. The defendant sought to withdraw its special appearance by motion made on the same day. On December 14, 1973 an order was entered which dismissed the defendant's motion to set aside judgment and granted the defendant's motion to withdraw its special appearance. *Held:*

Any error committed by the trial court in entering judgment for the plaintiff against the corporate defendant while such corporate defendant's special

appearance for the purpose of contesting service was still pending must be considered harmless in view of the fact that it was established that service was made upon the proper agent of such corporate defendant and the corporate defendant acted to withdraw its special appearance made in such connection. See CPA § 61 (Code Ann. § 81A-161; Ga. L. 1966, pp. 609, 664).

The judgment entered against the corporate defendant was not subject to be set aside for the reasons urged against it and it was not error to dismiss the motion to set aside.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED APRIL 1, 1974 — DECIDED MAY 9, 1974.

*Herbert Shafer,* for appellant.
*G. Clyde Dekle, III,* for appellee.